# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIANQIANG YU, Pro Se,<br><br>                 Plaintiff,<br>vs.<br><br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; EMILIO GONZALES, Director U.S. Citizenship and Immigration Services; CHRISTINA POULOS, Acting Director, California Service Center, U.S. Citizenship and Immigration Services; ROBERT MUELLER, Director Federal Bureau of Investigation,<br><br>                 Defendants. | CASE NO. 07cv0296-LAB (RBB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Dkt No. 16] |

    Plaintiff Jianqiang Yu ("Yu"), proceeding *pro se*, filed his Complaint For Writ In The Nature Of Mandamus And For Declaratory Judgment to compel government agency and individual defendants (collectively "Defendants") to expedite the processing of his pending Application to adjust his immigration status to permanent resident and to adjudicate the matter by ordering Defendants to provide him with a "Notice of Approval." Compl. ¶ 20. The matter is before the court on Defendants' Motion To Dismiss pursuant to Fed. R. Civ. P. ("Rule") 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Alternatively, Defendants seek summary judgment in their favor, contending Yu is not entitled to immediate adjudication or approval of his application from any source.

The deadline for Yu to file an Opposition passed on February 5, 2008, with no response from him. "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of motions or other requests for ruling by the court." Civ. L.R. 7.1.f.3.c. Pursuant to Civil Local Rule 7.1.d.1, the court finds the issues presented appropriate for decision on the papers and without oral argument. For the reasons discussed below, the Motion is **GRANTED**.

I.   BACKGROUND

Yu, a native and citizen of the People's Republic of China, asks the court to adjudicate the issues associated with the processing and granting of his application for adjustment of his immigration status to permanent resident, on grounds Defendants have purportedly impermissibly delayed the decision. Compl. ¶ 1. He alleges he properly filed an I-485 Application To Register Permanent Resident or Adjust Status pursuant to Section 245 of the Immigration & Naturalization Act on June 13, 2005, with supporting documentation, in the United States Citizenship and Immigration Services ("USCIS") California Service Center, and submitted fingerprints to the agency on October 11, 2005. Compl. ¶¶ 10-11. He alleges he has received no "written notification" from USCIS, despite calling the USCIS, among other people and places, from January 2006 to December 2006 when he was told several times his name check was still pending. Compl. ¶¶ 10-13. He filed this action as a Petition For Writ Of Mandamus on February 13, 2007.[1]

Yu identifies himself as a cancer researcher who has been "greatly damaged by the failure of the Defendants to act in accord with their duties under law" through their allegedly "arbitrary" and "unreasonable" delay and "inappropriate[] refus[al] to adjudicate the application, thereby depriving him of rights to which [he] is entitled," specifically that he has "been unable to obtain legal permanent residence, travel and work without restriction and accrue time to be eligible for Naturalization as a citizen of the United States." Compl. ¶¶ 16-17. He asks the court to enter an Order: "(a) requiring Defendants to properly adjudicate Plaintiff's application for action on an approved petition (b) requiring Defendants to provide

---

[1] Service of process issues resulted in prosecution delays.

the Plaintiff with Notice of Approval (c) granting court costs pursuant to law (d) such other relief at law and in equity as justice may require." Compl. ¶ 20.

Defendants move to dismissal the Complaint on jurisdictional grounds and on grounds Yu is not entitled to immediate adjudication or approval of his application for permanent resident status. While he awaits final agency action, Yu "enjoys lawful nonimmigrant status in the United States as an H-1B temporary alien worker based on a nonimmigrant worker petition filed on his behalf by The Scripps Research Institute," a status "valid through March 24, 2008" and "renewable upon application by the employer."[2] Heinauer Decl. ¶ 6.

Defendants describe the statutory framework and requirements prerequisite to the adjustment of the status of certain aliens who have been admitted into the United States. Mot. p. 2; 8 U.S.C. § 1255. To obtain a "green card," the alien must present an application for adjustment of status, must be eligible to receive an immigrant visa, must be admissible into the United States for permanent residence, and there must be immediately available to the alien an immigrant visa, among other things. Id.; Heinauer Decl. ¶ 7. The applicant bears the burden to persuade the Secretary of the U.S. Department of Homeland Security ("DHS") to exercise discretion in the alien's favor. *See* Randall v. Meese, 854 F.2d 472, 474 (D.C. Cir. 1988); Elkins v. Moreno, 435 U.S. 647, 667 (1978) ("adjustment of status is a matter of grace, not right"); *see* Mot. 3:3-5 ("[T]he decision whether to grant or deny the adjustment is discretionary, 8 U.S.C. § 1255(a), and the decisions about how to process the evaluation of the application as well as the pace and manner of that investigation are discretionary, id. at § 1252(9a)"). Defendants note no statutory or regulatory time limitation is imposed on the Secretary's exercise of discretion to adjust the status of aliens. Mot. 2:14-15, *citing* 8 C.F.R. § 245, *et seq.* Defendants represent they have and will continue to process Yu's Application, and will adjudicate the Application as soon as processing is complete. Mot. 1:19-23; Heinauer Decl. ¶¶ 4, 7, 12-17, 19-22, 26.

---

[2]  F. Gerard Heinauer is the Director of the Nebraska Service Center in Lincoln, Nebraska, employed by the Department of Homeland Security ("DHS"), Citizenship and Immigration Services Division ("USCIS"). As of the December 17, 2007 date of his, he represented: "Plaintiff's current work permit is valid through September 26, 2008, and his current advance parole travel document is valid through December 12, 2008." Heinauer Decl. ¶ 21.

With respect to timing, Defendants represent "a realignment of workload among the Service Centers" resulted in Yu's adjustment of status application being "transferred to the Nebraska Service Center on March 12, 2007, where it remains pending completion." Mot. Exh. A, Heinauer Decl. ¶ 4. The processing of permanent residency applications entails several forms of security and background checks conducted by the USCIS in conjunction with the Federal Bureau of Investigation ("FBI"). Heinauer Decl. ¶¶ 7-10, Exh. A, USCIS Fact Sheet. Defendants challenge Yu's allegations of unreasonable delay or failure to act on his application on grounds: his application has been received, his background investigation initiated, his fingerprints taken and updated, and his preliminary border screening completed (Heinauer Decl. ¶¶ 4, 7, 12-17, 19-22); the Nebraska Service Center alone is currently processing "approximately 187,930 employment-based applications for adjustment of status" (Heinauer Decl. ¶ 19); and no visa is presently available to Plaintiff (Heinauer Decl. ¶¶ 7-9).

Defendants emphasize they "will adjudicate Plaintiff's application as soon as processing is complete" and a visa becomes available. Mot. 1:23, 2:3. They demonstrate Yu's circumstances do not warrant resort submission of an exceptional request to the FBI to expedite his case, a process available in only limited circumstances not applicable to the facts of his situation. Moreover, any expedited name check process in Yu's case "would not effect a more rapid adjudication of the case" because "there are no visa numbers available to him and his family under the current visa bulletin."[3] Heinauer Decl. ¶¶ 22-24.

Yu relies for the jurisdiction of this court to accord him the relief he seeks on: 28 U.S.C. §§ 1331, 1361 (the Mandamus Act); 5 U.S.C. § 701, *et seq.* (the Administrative Procedures Act); and 28 U.S.C. § 2201, *et seq.* (the Declaratory Judgment Act). Compl. ¶ 7.

---

[3] "By statute, only about 140,000 aliens and their derivative relatives can get green cards through employment-based categories during each fiscal year, with percentage limits set by Congress per country and within each preference category. . . . The priority date for visa number purposes in Mr. Yu's case is the date of filing the Form I-140 visa petition: June 2, 2004. **Visa numbers for second preference workers from China are available only to aliens with priority dates earlier than January 1, 2003**. The Department of State has indicated that it has been necessary to retrogress the China-mainland born second preference cut-off dates due to extraordinarily heavy applicant demand for numbers by USCIS in connection with adjudication-ready adjustment of status applications." Heinauer Decl. ¶¶ 8-9 (emphasis added).

Defendants dispute the subject matter jurisdiction of this court over the merits of Yu's Complaint for lack of authority to adjudicate *and approve* his application for adjustment of immigration status. They also move for dismissal or summary judgment on grounds Yu is currently ineligible for final adjudication of the Application based on priority date processing, no visa is currently available to award him, and his background and security checks are incomplete and on-going.

## II.    DISCUSSION

### A.    Legal Standards

Federal courts possess only that power authorized by the Constitution or a statute. *See* Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). The burden of establishing subject matter jurisdiction is on the party asserting it. *See* Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). In deciding a motion to dismiss pursuant to Rule 12(b)(1), the court looks to the nature of the jurisdictional challenge. Doe v. Schachter, 804 F. Supp. 53, 56-57 (N.D. Cal. 1992). If the attack is *facial*, the nonmoving party is entitled to the same protections it would receive in defending against a motion to dismiss for failure to state a claim under Rule 12(b)(6). Id. at 57, *citing* Osborn v. United States, 918 F.2d 724, 728-730 (8th Cir. 1990). A *factual* attack asks the court considers matters outside the pleadings to resolve disputed jurisdictional facts. Id. Defendants here do not attack the *veracity* of the facts Yu pleads, but rather supplement and explain with evidentiary support the delay and restrictions on their ability to complete the processing and adjudication of Yu's application. Consideration of facts outside the Complaint allegations are necessary to resolve the Motion. Assuming jurisdiction without deciding the jurisdiction issue,[4] the court proceeds by applying Rule 12(d) standards

---

[4] Although normally the court must decide its own jurisdiction before reaching the merits of the parties' dispute, the court considers Defendants acknowledgment "[t]he federal district courts have split in determining whether [the REAL ID Act] precludes jurisdiction over complaints, such as the one here, that seek expedition of pending adjustment applications under the Mandamus Act, 28 U.S.C. § 1362, and the APA, 5 U.S.C. § 701 *et seq*.," with no federal circuit court published opinion yet resolving the issue, although Defendants submit that those courts recognizing the congressional limitation on jurisdiction have properly read the statutory provisions at issue restricting jurisdiction. Mot. 3:24-4:23 (citations omitted). Although the court is persuaded by Defendants' arguments it almost certainly lacks jurisdiction under the Mandamus Act, the APA, or the Declaratory Judgment

prescribed when a motion to dismiss under Rule (12)(b)(6) relies on matters outside the pleadings:

> (d) Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Rule 12(d) (eff. Dec. 1, 2007).

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c); *see* Taylor v. List, 880 F.2d 1040, 1045-46 (9th Cir. 1989); *see also* Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001). The moving party bears the initial burden of identifying the elements of the claim which that party "believes demonstrates absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial. Id. at 324; Arpin, 261 F.3d at 919. To successfully rebut a properly supported summary judgment motion, a plaintiff "must point to some facts in the record that demonstrate a genuine issue of material fact and, with all reasonable inference made in the plaintiffs' favor, could convince a reasonable jury to find for the plaintiffs." Reese v. Jefferson School Dist. No. 14J, 208 F.3d 736, 738 (9th Cir. 2000), *citing, inter alia,* Celotex, 477 U.S. at 323. There is no genuine issue for trial if, on the record as a whole, a rational trier of fact could not find in favor of the party opposing the motion under governing law. *See* Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Yu has offered no rebuttal to Defendants' showing he is not entitled to the relief he requests through judicial intervention.

\\

---

Act to order approval of a pending application for immigration status change while the application remains under USCIS review and before all security checks are completed, it elects to address some of the reasons Yu cannot prevail on his Complaint in granting dismissal.

### B. Dismissal Is Appropriate

The material facts of this case are undisputed, permitting the court to decide the Motion as a matter of law. Yu cites no authority for the proposition this court can adjudicate his immigration status in the circumstances of his case under any of the jurisdictional statutes he identifies in the Complaint. Defendants' Motion, the Heinauer Declaration, and its attachments demonstrate this court cannot and should not attempt to intervene in agency determinations regarding the processing of permanent resident visa applications proceeding in the normal course, despite the admittedly lengthy review process to be endured at this time in the country's history by all applicants for permanent resident status. From the evidentiary record accompanying the Motion, unrebutted by any opposition papers, USCIS is processing Yu's application, as well as his family members' the applications for adjustment of status, in accordance with standard, regulated procedures. The associated delays are beyond its control, and would in any event fall within agency discretionary powers with which this court may not interfere. Finally, Congressional action limiting the availability of the type of visa Yu seeks forecloses the adjudicatory relief he seeks, from any source at this time. In addition to the considerations discussed above, the court construes Yu's failure to oppose the Motion as consent to dismissal of his Complaint. Civ. L.R. 7.1.f.3.c.

## III. CONCLUSION AND ORDER

For all the foregoing reasons, **IT IS HEREBY ORDERED** Defendants' unopposed Motion To Dismiss Yu's Complaint under Rule 12(b) is **GRANTED**, and the case is terminated in its entirety. The hearing presently scheduled for February 19, 2008 is consequently taken *off-calendar* as moot.

**IT IS SO ORDERED**.

DATED: February 11, 2008

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge